## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                   Case No. 13-CR-20394
                                   Honorable Denise Page Hood

D-1 JOSHUA WINSTON,

          Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS/SUPPRESS
## [DK# 28]

    This matter comes before the Court on Defendant's Brief in Support of Motion to Dismiss or, in the Alternative, to Suppress Because of Destruction of Evidence. **[Docket No. 28, filed September 25, 2013]** The Court held a hearing on this motion on November 15, 2013. At that time, the Government addressed Plaintiff's motion but had not yet filed a written response. The Court directed the Government to file a written response to Plaintiff's motion, which the Government filed on November 22, 2013. **[Docket No. 36]** For the reasons discussed below, Plaintiff's Motion to Dismiss or, in the Alternative, to Suppress Because of Destruction of Evidence is **DENIED**.

## I.     BACKGROUND

Defendant Joshua Winston was indicted on May 23, 2013, on three counts: Felon in Possession of a Firearm, 18 U.S.C. § 922( g)(1) (Count One); Possessing a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924© (Count Two); Possession with Intent to Distribute Marijuana, 21 U.S.C. § 841(a)(1) (Count Three); and a forfeiture allegation as to "any firearm and ammunition involved in or used in the knowing commission of the offense." These charges stemmed from the stop and search of a vehicle that Defendant was sitting in on April 13, 2013. Defendant was found in the driver's seat of the vehicle, under which Detroit Police Department Officers Thomas Rogers, Stephen Kue, and Edward Jackson retrieved a weapon, a Smith and Wesson .32 caliber revolver. The officers also found a pouch which contained marijuana in the driver's side door panel.

Defendant filed three motions challenging the constitutionality of the stop and search: Defendant's Motion to Suppress Evidence **[Docket No. 22, filed July 26, 2013]**, Defendant's Motion to Suppress Statements/Confessions **[Docket No. 23, filed July 26, 2013]**, and the instant motion, Defendant's Motion to Dismiss/Suppress. On December 18, 2013, the Court entered an Order Denying Defendant's Motion to Suppress Evidence and Denying Defendant's Motion to Suppress Statements/Confessions. **[Docket No. 37]** In that Order, the Court held that "the

officers did not need a search warrant to search the vehicle for marijuana after they smelled marijuana because the smell alone gave the officers the necessary probable cause to search."  The Court denied Plaintiff's motion to suppress both the marijuana and the gun because they were "found after the officers smelled marijuana upon approaching the vehicle."    In denying Defendant's Motion to Suppress Statements/Confessions, the Court determined that

> even if it were to assume that Defendant was in "custody," Defendant . . . failed to show any coercive police activity which would have caused him to make the statements. Defendant has also failed to show that any interrogation took place. Defendant was not under arrest at the time of the statement and he has not alleged that the officers asked him any questions to which his statement responded.  The Court finds that Defendant's statement was voluntary, not in response to any question, and not the product of any coercive police conduct. "Any statement given freely and voluntarily without any compelling influences is . . . admissible into evidence." *Miranda* [*v. Arizona*, 384 U.S. 436, 478 (1966)].

## II.    ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]"  U.S. Const. amend. V.  The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]"

Fed. R. Crim. P. 7(c)(1).  Generally, an indictment "returned by a legally constituted and unbiased grand jury," *Costello v. United States*, 350 U.S. 359, 363 (1959), is sufficient to justify procession to trial if (1) it contains the elements of the offense charged, and, thus "sufficiently apprises the defendant of what he must be prepared to meet," *United States v. Debrow*, 346 U.S. 374, 376 (1953), and (2) it is sufficiently specific to protect the defendant against double jeopardy in a subsequent proceeding, *see, e.g.*, *United States v. Blandford*, 33 F.3d 685, 705 (6th Cir. 1994); *United States v. Phibbs*, 999 F.2d 1053, 1086 (6th Cir. 1993).  However, upon motion by the defendant, a charge contained in an indictment may be dismissed before trial if it is defective.

Motions to dismiss indictments are governed by Rule 12 of the Federal Rules of Criminal Procedure, which states "Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion."  Fed. R. Crim. P. 12(b).  On a motion to dismiss indictment, "the [c]ourt must view the [i]ndictment's factual allegations as true, and must determine only whether the [i]ndictment is 'valid on its face.' " *United States v. Campbell*, No. 02-80863, 2006 WL 897436, at *2 (E.D. Mich. Apr. 6, 2006) (citing *Costello*, 350 U.S. at 363).  Michigan law promotes amending indictments for substantive defects without interrupting the trial process, at least where the amendment would not

4

prejudice the defendant.  *Cf. People v. Hunt*, 442 Mich. 359, 501 N.W.2d 151 (1993).

On September 25, 2013, Defendant filed the instant motion which he captions "Brief in Support of Motion to Dismiss or, in the Alternative, to Suppress Because of Destruction of Evidence."  **[Docket No. 28]**  In this Motion, Defendant states that the three counts in the May 23, indictment were "based upon the seizure of a small amount of marijuana and a Smith and Wesson .32 caliber handgun . . . bearing serial number 54342."  **[Docket No. 28, Ex. A]**  Defendant notes that the discovery materials provided to the defense showed that the handgun that was seized bore serial no. 54342.  **[Docket No. 28, Ex. B]**  Defendant contends that during the discovery process, the defense received a report from Task Force Officer James J. Wieneck, dated May 30, 2013, "wherein he retrieved a .32 caliber Smith and Wesson from the evidence room at the Detroit Police Department to take into ATF custody . . . [which] bore serial [no.] 521933."  **[Docket No. 28, Ex. C]**  Defendant argues that the fact that the gun that was seized bearing serial no. 54342 is no longer in the custody of the Detroit Police Firearms Agents is a violation of his due process rights because the Government acted in bad faith "in failing to preserve . . . evidence that . . . is favorable to the defense."  Additionally, Defendant asserts that the Government's actions and the purported indictment discrepancies, when taken as a cumulative whole, amount to a violation of his due process rights and require dismissal of the indictment.

5

The Government filed a response to Defendant's motion on November 22, 2013. **[Docket No. 36]** In this response, the Government contends that "[t]here was never any evidence destroyed in this case and dismissal is not warranted." The government states that, instead, the Detroit Police Officers "believed that the serial number of Defendant's Smith and Wesson .32 caliber revolver was '54342' and listed it as such in their reports . . . [because the] number '54342' is stamped into Defendant's revolver behind the cylinder wheel and cotter pin." The government argues that the officers "mistakenly" listed this set of number as the serial number but, "after taking custody of Defendant's revolver from the Detroit Police Department, the Government learned that its actual serial number is '521933 . . . .' "

The Government apprises the Court that after learning that the serial number was incorrectly listed and pleaded in the paperwork in this case, the Government contacted defense counsel and asked for permission to file an Information substituting the correct serial number. The Government notes that defense counsel agreed but several weeks later filed the instant motion. When contacted and asked why he filed this motion, the Government states that defense counsel said that he had forgotten about their conversation and objected to proceeding by corrected Information. Based on this, the Government went back to the Grand Jury and secured the First Superseding Indictment, which was filed on October 1, 2013, and lists the serial

6

number as "521993." **[Docket No. 29]**

The Constitution requires that "[n]o person shall be . . . deprived of life, liberty, or property without the due process of law[.]"  U.S. Const. amend. V.  Defendant contends that his due process rights have been violated because of the discrepancy between the serial number recorded by the officers at the time of his arrest, "54342," and the number recorded on the report that he received from the task force officer, "521933."  In response, the Government states that this discrepancy is due to the officers' unfamiliarity with the location of the serial number and the numbers "54342" also being stamped on the recovered weapon.  The Court notes that the photos of the recovered weapon attached to the Government's response, **[Docket No. 36, Ex. 1-5]** show both set of numbers are stamped on the weapon.  The Court is satisfied that this discrepancy is not due to the Government losing or misplacing the recovered weapon but, instead, because of a mistake with the determination of what sets of numbers was the serial number at the time of arrest.

The Court also notes that the serial number "defect" in the indictment has since been cured.  On October 1, 2013, the Government filed a First Superseding Indictment which lists the serial number as "521993." **[Docket No. 29]** "[J]ust as an amended complaint supplants the original complaint and becomes the only live complaint in a civil case, a superseding indictment supplants the earlier indictment and becomes the

only indictment in force." *See United States v. Goff*, 187 F. A'ppx 486, 491 (6th Cir. 2006). The current charging document in this case is the First Superseding Indictment, **[Docket No. 29]** rather than the initial indictment which incorrectly listed the serial number as "54342." The Court is satisfied that the indictment "sufficiently apprises the defendant of what he must be prepared to meet" and is sufficiently specific to protect the defendant against double jeopardy in a subsequent proceeding. The Court will not address Defendant's arguments as they pertain to suppression as those arguments were addressed in the Court's December 18, 2013, Order. **[Docket No. 37]** Defendant's Motion to Dismiss/Suppress is **DENIED**.

## III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Or, in the Alternative, to Suppress Because of Destruction of Evidence **[Docket No. 28, filed September 25, 2013]** is **DENIED**.

**IT IS SO ORDERED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  January 22, 2014

8

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 22, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager