UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                            Case No. 13-CR-20394
                                                            Honorable Denise Page Hood

JOSHUA WINSTON,

        Defendant.

_____/

## ORDER GRANTING GOVERNMENT'S MOTION TO CONTINUE TRIAL DATE [#46]

This matter is before the Court on the Government's Motion and Brief to Continue Trial Date. **[Docket No. 46, filed February 26, 2014]** Trial was scheduled to begin on Tuesday, March 4, 2014. In its Motion, the Government asks this Court to adjourn trial until "a future date to be determined." The Government indicates that the Defendant does not concur in the relief sought. Defendant did not file a response to the Government's motion.

A motion for adjournment must be based on good cause, M.C.L. 768.2; M.C.R. 2.503(B)(1), and a trial court has discretion to grant an adjournment if doing so promotes justice, M.C.R. 2.503(D)(1). *See also Soumis v. Soumis*, 218 Mich. App 27, 32; 553 N.W.2d 619 (1996). The trial court must not choose an outcome that falls

"outside the range of principled outcomes." *Edry v. Adelman,* 486 Mich. 634, 639; 786 N.W.2d 567, 570 (2010). Factors that may warrant denial of this motion include: (1) numerous prior adjournments, (2) the failure of the movant to exercise due diligence, and (3) no injustice from the denial of the motion. *Tisbury v. Armstrong*, 194 Mich. App. 19, 20, 486 N.W.2d 51, 52 (1991). The Court held a hearing on this motion on March 10, 2013. At that time, the parties agreed to a new trial date of April 16, 2014.

The Court reminds all parties that the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. Amend. 6. The speedy-trial right is "amorphous," "slippery," and "necessarily relative." *Barker v. Wingo*, 407 U.S. 514, 522 (1972) (quoting *Beavers v. Haubert*, 198 U.S. 77, 87 (1905)). It is "consistent with delays and depend[ent] upon circumstances." *Id.* at 522 (internal quotation marks omitted). The *Barker* Court did not "quantif[y]" the right into a specified number of days or months" or hinge the right on a defendant's explicit request for a speedy trial. *Id.* at 522-25. Instead, the *Barker* Court established a "balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id.* at 529, 530. "[S]ome of the factors" that courts should weigh include the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.*

In calculating the length of the delay, only those periods of delay attributable to the government or the court are relevant to the defendant's constitutional claim. *See id.* at 529 ("We hardly need add that if delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine."); *see also United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993) (excluding from the time counted towards a Sixth Amendment violation the time during which the defendant "expressly participated in the delay"). The Court notes that it appreciates the importance of conducting a speedy trial. However, after reviewing the motion, hearing argument on the matter on the record, discussing both the Court's docket and the availability of counsel, and, noting that both Government and Defense counsel agreed on the new trial date, the Court determines that Defendant will not be prejudiced by an adjournment until April 16, 2014.

The Court held a hearing on Defendant's Motion, Through Letter, To Appoint New Counsel, **[Docket No. 43, filed January 31, 2014]** on January 29, 2104. At that hearing and again in its Order denying Defendant's Motion,[1] the Court noted that trial in this case was "tentatively set for April 22, 2014, at 9 a.m." Further, the court

---

[1] The Court notes that Defendant's Motion to Appoint New Counsel because Defendant advised the Court at the hearing that he wished to proceed with his current counsel.

3

advised the parties that it would notify them if that date were to change due to an earlier date becoming available. On February 4, 2014, the Court gave the parties notice that the trial date had been moved to March 4, 2014. Government counsel notified the Court that he would be unavailable to move forward on that date due to active military duty. He also apprised the Court that Defense counsel was unavailable due to trial before another judge in this Court. These assertions were again confirmed at the Court's hearing on the present motion.

The Court notes that during its January 29, 2014, hearing on Defendant's Motion to Appoint New Counsel, Defendant agreed to an April 22, 2014, trial date after the Court advised him of his right to a speedy trial. It was after this hearing that the Court had a change in its schedule which allowed for an earlier available date, March 4, 2014. The new date set for trial, April 16, 2014, is before the date in which Plaintiff waived his rights and agreed for trial to be set, April 22, 2014. For this reason, the Court considers any time between March 4, 2014, the date in which the Court reset trial but counsel for both the Government and Defendant were unavailable, and April 16, 2014, the new trial date, to be time that is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) in that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Accordingly,

**IT IS ORDERED** that the Government's Motion and Brief to Continue Trial Date **[Docket No. 46, filed February 26, 2014]** is **GRANTED**. Trial is **RESET** for Wednesday, April 16, 2014 at 8:30 a.m.

**IT IS FURTHER ORDERED** that no further adjournments will be granted in this matter.

**IT IS FURTHER ORDERED** that jury selection in this case is scheduled for Wednesday, April 2, 2014, at 9 a.m.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 21, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 21, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager